IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-80,127-02




EX PARTE ROBERT TERRANCE DUNN, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 1114177 IN THE 262ND DISTRICT COURT
FROM HARRIS COUNTY




            Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with
a child and sentenced to ten years’ imprisonment. The Fourteenth Court of Appeals affirmed his
conviction. Dunn v. State, No. 14-08-00442-CR (Tex. App.—Houston [14th Dist.] June 2, 2009)
(unpublished).
            Applicant contends, among other things, that his appellate counsel rendered ineffective
assistance because counsel did not timely notify Applicant that his conviction had been affirmed and
did not advise him of his right to petition pro se for discretionary review.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these
circumstances, additional facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
has made initial findings of fact and conclusions of law, recommending granting Applicant an out-of-time petition for discretionary review. However, the trial court’s finding that Applicant did not
receive appellate counsel’s correspondence is not supported by the record, particularly in view of the
trial court’s finding that appellate counsel’s affidavit is credible. The trial court shall obtain the mail
logs from the Texas Department of Criminal Justice and any prison units housing Applicant from
the time his conviction was affirmed through the last day he could have filed a pro-se petition for
discretionary review. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.
            The trial court shall make findings of fact and conclusions of law as to whether Applicant
received the correspondence that appellate counsel says he sent. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant’s claim for habeas corpus relief. Should the trial court find that Applicant received the
appropriate notifications in timely fashion, it shall also make findings of fact and conclusions of law
addressing Applicant’s remaining habeas corpus claims. 
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: November 27, 2013
Do not publish